UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KERSEE K. ANDERSON, <br><br> Plaintiff, <br><br> v. <br><br> NATHAN ANGLE, E BOLINGER, BRIAN ENGLISH, <br><br> Defendants. | CAUSE NO. 3:25-CV-697-GSL-AZ |

OPINION AND ORDER

Kersee K. Anderson, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Anderson alleges that, on March 31, 2025, he provided his case worker, E. Bolinger, with a habeas corpus petition pursuant to 28 U.S.C. § 2254 that was to be passed along to the law library for filing. Attached to the petition were his only copies of a trial transcript and other evidence. Anderson verified with Case Worker Bolinger that she personally turned it over to the law library for filing, but the petition was not

filed. Library staff contend that Bolinger did not turn it in. Anderson tried to get the materials back, but he has been unable to do so.

Anderson is suing Case Worker Bolinger for denying him access to the courts. To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Here, Anderson claims Case Worker Bolinger did not pass his petition on to the library for filing. Anderson does not, however, indicate when his petition was due, whether he filed the petition at a later date, or how the petition was resolved. Thus, it is unclear if he was merely delayed in bringing his petition or if he was prevented from doing so altogether. Furthermore, while Anderson describes two grounds raised in the

petition generally,[1] he has not provided sufficient context from which it could be plausibly inferred that any of the grounds raised in his petition were non-frivolous.

Anderson also claims that Case Worker Bolinger's actions denied him due process. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Even the destruction of legal materials is merely a property loss if the papers are replaceable. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987). Furthermore, legal papers are not deemed irreplaceable merely because there is a cost associated with obtaining

---

[1] He argued that testimony was presented in violation of *Napue v. Ill.*, 360 U.S. 264 (1959) and evidence was withheld in violation of *Brady v. Maryland,* 373 U.S. 83 (1963). He does not, however, explain specifically what happened in his case.

them. It cannot be plausibly inferred from the factual allegations in Anderson's complaint that the documents he needed to file a habeas petition were irreplaceable. Thus, Anderson has not stated a due process claim.

Anderson asserts that Case Worker Bolinger violated his First Amendment rights to free speech. Losing or failing to submit a document for filing (whether intentionally or negligently) did not prevent Anderson from exercising his First Amendment rights.

Additionally, Anderson claims that Case Worker Bolinger violated his Thirteenth Amendment rights by forcing him to labor. Anderson's theory seems to be that he had to work to buy or replace the items he had provided for filing, but that does not amount to either slavery or involuntary servitude, which are the subject of the Thirteenth Amendment. Therefore, Anderson has not stated a claim against Case Worker Bolinger.

Anderson has also named Nathan Angle and Warden Brian English as defendants. He asserts that they did not adequately train Case Worker Bolinger. Failure to train and supervise claims can only be brought against a municipality. *See Sanville v. McCaughtry*, 266 F.3d 724, 739–40 (7th Cir. 2001) *citing Farmer v. Brennan*, 511 U.S. 825, 841 (1994) (affirming dismissal of failure to train and supervise claims brought against State warden). There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

This complaint does not state a claim for which relief can be granted. If Anderson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least

where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Kersee K. Anderson until **March 20, 2026**, to file an amended complaint; and

(2) CAUTIONS Kersee K. Anderson that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 17, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT