UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KERSEE K. ANDERSON,

Plaintiff,

v.

NATHAN ANGLE, E BOLINGER,
BRIAN ENGLISH,

Defendants.

CAUSE NO. 3:25-CV-697-GSL-AZ

OPINION AND ORDER

Kersee K. Anderson, a prisoner without a lawyer, filed a complaint that did not state a claim. ECF 1; ECF 6. In response to this court's order finding that Anderson's complaint did not state a claim, Anderson filed an amended complaint. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The allegations in Anderson's amended complaint are essentially the same as those in his earlier complaint. On March 31, 2025, he provided his case worker, E. Bolinger, with a habeas corpus petition pursuant to 28 U.S.C. § 2254 that was to be

passed along to the law library for filing. Attached to the petition were his only copies of a trial transcript. The petition was not filed. Library staff contend that they did not receive the petition. Anderson tried to get the materials back, but he has been unable to do so.

Anderson is suing Case Worker Bolinger for denying him access to the courts. As already explained (ECF 6 at2), to establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Here, Anderson claims Case Worker Bolinger did not pass his petition on to the library for filing. Anderson indicates in his amended complaint that he was unable to file his petition at a later date because he no longer had the evidence to support the petition. He says his criminal case was dismissed with prejudice, although it appears that Anderson means that his habeas petition was dismissed. Anderson's amended

2

complaint, like his original complaint, does not provide sufficient context from which it could be plausibly inferred that any of the grounds raised in his petition were non-frivolous.[1]

Anderson's amended complaint also repeats his claim that Case Worker Bolinger's actions denied him due process. This court already explained (ECF 6 at 3) that the Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Even the destruction of legal materials is merely a property loss if the papers are

---

[1] In his earlier complaint, Anderson indicates that he argued in his petition that testimony was presented in violation of *Napue v. Ill.*, 360 U.S. 264 (1959) and evidence was withheld in violation of *Brady v. Maryland,* 373 U.S. 83 (1963). In his amended complaint, he does not provide any information about the grounds he raised in his petition.

3

replaceable. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987). Furthermore, legal papers are not deemed irreplaceable merely because there is a cost associated with obtaining them. It cannot be plausibly inferred from the factual allegations in Anderson's amended complaint that the documents he needed to file a habeas petition were irreplaceable. Thus, Anderson has not stated a due process claim.

In his amended complaint, Anderson again asserts that Case Worker Bolinger violated his First Amendment rights to free speech. As already explained (ECF 6 at 4), losing or failing to submit a document for filing (whether intentionally or negligently) did not prevent Anderson from exercising his First Amendment rights.

Additionally, in his amended complaint Anderson repeats his claim that Case Worker Bolinger violated his Thirteenth Amendment rights by forcing him to labor. This court already rejected Anderson's theory. ECF 6 at 4. Working to buy or replace the items he had provided for filing does not amount to either slavery or involuntary servitude, which are the subject of the Thirteenth Amendment. Therefore, Anderson has not stated a claim against Case Worker Bolinger.

Finally, in his amended complaint, Anderson has again named Nathan Angle and Warden Brian English as defendants. He asserts that they did not adequately train Case Worker Bolinger. This theory has also been rejected by this court. ECF 6 at 4. Failure to train and supervise claims can only be brought against a municipality. *See Sanville v. McCaughtry*, 266 F.3d 724, 739–40 (7th Cir. 2001) *citing Farmer v. Brennan*, 511 U.S. 825, 841 (1994) (affirming dismissal of failure to train and

4

supervise claims brought against State warden). There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

The amended complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Such is the case here, where Anderson has already had one opportunity to amend his complaint and his amended complaint does not address the deficiencies set explained in this court's order.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A because the amended complaint does not state a claim for which relief can be granted.

SO ORDERED on August 6, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT